UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MATTHEW COLON

                                 Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER BRIAN
O'KEEFE SHIELD # 030058, SERGEANT ANDREW
ROE AND JOHN DOE POLICE OFFICERS 1-2,

                                 Defendants.

------------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT AND
JURY DEMAND**

**13CV6441 (JSR)**

RECEIVED
DEC 0 6 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2.    The claim arises from an April 17, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and excessive force.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5.     The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7.     Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8.     Plaintiff resided at all times here relevant in Bronx County, City and State of New York.

9.     The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10.    Defendant police officers were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agents, servants and employees of the City of New York.  On information and belief, at all times relevant hereto, defendant officers were under the command of the 46th precinct and are sued in their individual capacities.

11.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

### FACTUAL ALLEGATIONS

12.   Mr. Colon is 21 year old man with no criminal record.  At approximately 7PM on April 17, 2012, plaintiff and his father were sitting outside their home when a commotion involving NYPD officers began about a half a block away.  Plaintiff and his father walked toward the commotion and saw another individual on the ground being arrested.

13.   As a crowd began to gather, NYPD officers asked everyone to disperse. Plaintiff and his father began walking back toward their home.  Suddenly Officer O'Keefe approached plaintiff and shoved him.  Other officers joined in and grabbed plaintiff without explanation.  Plaintiff was spun around and his head slammed into the police car.  His arms were violently held behind him and raised above his waist.

14.   Plaintiff was scared and in disbelief.  He possessed no illegal substances or contraband.  He did not in any way interfere with the officers' arrest of another.  He dispersed when asked to do so and yet was violently grabbed, assaulted and arrested without reasonable suspicion or probable cause.

15.   Eventually, plaintiff was taken to the police car in handcuffs.   Plaintiff was visibly injured, including abrasions to his forehead, cheek and chin.  EMS responded to the precinct to treat plaintiff's injuries.  Plaintiff also received treatment for his injuries after his release.

16.   Plaintiff was taken to central booking and released by the Judge approximately

3

22 hours after his initial arrest. The complaint filed against him falsely accused him of Obstructing Governmental Administration and Resisting Arrest, class A misdemeanors. All charges have been dismissed and sealed.

17.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18.   During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

19.   As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.   Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b.   Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    c.   Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d.   Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e.    Physical pain and suffering;

f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g.    Loss of liberty;

h.    Economic loss.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

20.   The above paragraphs are here incorporated by reference.

21.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, excessive force and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

22.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### Municipal Liability 42 U.S.C. §1983

23.   The above paragraphs are here incorporated by reference.

24.   The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

25.   The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such

excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

26.   The aforesaid event was not an isolated incident.   The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of his police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of his fellow officers.   Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

27.   For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected.   The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them.   In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB.   The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

28.   The NYPD, once receiving a substantiated complaint by the CCRB, fails to

adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

29.   Further, the City has no procedure to notify individual officers or his supervisors of unfavorable judicial review of his conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated his law department from the discipline of police officers, so that civil suits against police officers for actions taken in his capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

30.   The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

31.   Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:

        Brooklyn, New York
        December 6, 2013

                                             Respectfully yours,

TO:

        City of New York                       By: Nicole Bellina, Esq. *Andrew B. Stoll (AS 8808)*
        Office of Corporation Counsel         Stoll, Glickman & Bellina, LLP
        100 Church Street                     Attorneys for Plaintiff
        New York, NY  10007                475 Atlantic Ave. Fl.3
                                              Brooklyn, NY  11217
        Police Office Brian O'Keefe          (718) 852-3710 x103
        46th Precinct
        2120 Ryer Ave.
        Bronx, NY, 10457-2919

        Sergeant Andrew Roe